UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FAUSTO MARTINEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-01852** |
| **MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **SECTION "J" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion to Reverse and Remand (R. Doc. 24)** filed by the defendant, Martin O'Malley, Commissioner of Social Security Administration ("SSA"), seeking an Order from the Court reversing and remanding the final decision of the Commissioner of Social Security Administration denying Fausto Martinez ("Martinez") claim for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations. An opposition was filed by Plaintiff on January 30, 2024.

**I.    Factual Summary and Procedural History**

Mr. Martinez applied for SSDI and SSI on March 12, 2021, and he completed an Adult Function Report on April 25, 2021. Martinez's disability claims were denied on July 9, 2021. The letter stated that although Martinez had some limitations from his prostate cancer, HIV and high blood pressure, the medical evidence showed that he was able to walk, stand and sit in a satisfactory manner throughout the workday.

In its disability determination transmittal dated April 13, 2022, the DD cited in its findings that there was insufficient medical evidence for full medical evaluation and inability to develop the case at the Medical Evaluation level because Martinez was in Honduras in December 2021. On May 20, 2022, Martinez requested a hearing before an Administrative Law Judge.

The hearing took place on September 27, 2022. On November 10, 2022, the ALJ issued an unfavorable decision.

The ALJ found that Martinez met the insured status requirements through December 31, 2021. Finding 1 Tr. 69. The ALJ found that Martinez did not engage in substantial gainful activity since December 18, 2017. The ALJ found that Martinez could perform a reduced range of medium work and he had HIV, penile cancer, status-post penectomy, and severe impairments. Finding 2 & 3, Tr. 69. The ALJ found that Martinez does not have an impairment or combination that meets or medically equals the severity of one of the listed level impairments. R. doc. 13, Finding 4.

The ALJ found that Martinez had the residual functional capacity to perform medium work except that he must have access to an indoor bathroom. *Id*., Finding 5. The ALJ further found that Martinez was not able to perform any past relevant work, he was an individual of advanced agents. *Id.* Finding 6, 7. The ALJ found that Martinez was not able to communicate in English and is in the same way illiterate, transferability of job skills was not material and there were jobs in the community and given his age, there are adequate jobs in significant numbers. Id. Finding 8-10. Finally, the ALJ found that there were enough jobs as a dishwasher, janitor and cleaner and maids and housekeepers. *Id*. Finding 10.

## II.  Standard of Review

Section 405(g) specifies the "exclusive methods by which district courts may remand" to the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Under "sentence four" of § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner ..., with or

without remanding the cause for a rehearing." Under "sentence six" of § 405(g), "[t]he court may, on motion of the Commissioner ... made for good cause shown before the Commissioner files [an] answer, remand the case ... for further action by the Commissioner ..., and it may at any time order additional evidence to be taken ...; and the Commissioner ... shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or ... decision, or both, and shall file with the court any such additional and modified findings of fact and decision."

The "principal feature that distinguishes a sentence-four remand from a sentence-six remand" is the "[i]mmediate entry of judgment (as opposed to entry of judgment after post remand agency proceedings have been completed and their results filed with the court)." *Shalala*, 509 U.S. at 297. In a sentence-four remand, a court makes a substantive decision (affirmance, modification, or reversal) and enters final judgment; in a sentence-six remand, a court does neither. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

### III. <u>Analysis</u>

#### A. <u>Remand or Not</u>

The Commissioner in its motion, seeming although not expressly concedes error by the ALJ and therefore seeks a sentence-four reversal and remand.  R. doc. 24-1.  Martinez has filed an opposition to the motion.

According to Martinez, however the Field Office Disability Report cited to "No contact with claimant."  The gap in Martinez's medical history and SSA communications occurred in late 2021 to summer 2022.  The ALJ's hearing occurred in late summer 2022 and by November 2022 issued an unfavorable decision. R. doc. 13.  The Commissioner implies that inappropriate

relief was granted because the evidenced on the record is insufficient. The Court finds that the Commissioner's motion is well founded.

B. **Reassignment of ALJ**

Martinez seeks to have the matter allotted to a different ALJ because the ALJ was allegedly biased. R. doc. 25. Plaintiff relies on *Latiolasis v. Cravins* regarding considerations of personal bias or the facts might reasonably cause an observer to question the judge's impartiality. 574 F. App's 429 , 436 (5th Cir. 2014).

The Commissioner contends that while Martinez requested that it reassign the matter to another ALJ, it is without power to do so. The Commissioner relies on *Davis v. Apfel*, for the proposition that for a reassignment to be appropriate the plaintiff must demonstrate a high degree of antagonism toward his representative that makes it impossible for the ALJ to render a fair judgment. 234 F.3d 706 (5th 2000).

Section 405(g) of the Act "grants courts wide discretion to dispose of matters 'with or without remanding the cause for a rehearing.' " *Bordelon v. Barnhart*, 161 Fed.Appx. 348, 352 n.12 (5th Cir. 2005) (unpublished opinion) (quoting 42 U.S.C. § 405(g)). The Fifth Circuit has held that, in ordering a case remanded to the Commissioner, it is within the reviewing court's discretion whether to also require that the case be assigned to a different ALJ. See id. n.12; *Davis v. Apfe*l, 234 F.3d 706 (5th Cir. 2000) (per curiam) (unpublished opinion).

An ALJ shall not conduct a hearing if he or she is prejudiced or partial with respect to any party. *See* C.F.R. § 404.940. While the Fifth Circuit has not formulated a test to guide this decision in cases involving remand to the Commissioner, the Court takes guidance from

cases in which the Fifth Circuit has considered whether to reassign a case to a different district judge on remand.

In those cases, the Fifth Circuit applies two tests. *Latiolais v. Cravins*, 574 Fed.Appx. 429, 436 (5th Cir. 2014) (unpublished opinion) (refusing to choose between the two tests). Under the "more stringent" test, if there is no evidence that the district judge had a personal bias, the remand decision turns on consideration of the following three factors:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected,
>
> (2) whether reassignment is advisable to preserve the appearance of justice, and
>
> (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

Id. (citations omitted).

Under the "more lenient" test, reassignment is appropriate when "the facts might reasonably cause an objective observer to question the original judge's impartiality." Id. (internal quotation marks, brackets, and citations omitted).

In *Davis v. Apfel,* 234 F.3d 706 ( 5th Cir. 2000) the claimant alleged that the ALJ failed to develop the record regarding his mental retardation. The Fifth Circuit affirmed the district Court's decision to remand but denied Davis' request for reassignment to a new ALJ. The Court noted that Davis fell short of demonstrating a high degree of antagonism toward Davis' representative on the part of the ALJ to make it impossible for the ALJ to render a fair judgment.

Also, the Court in *Ramirez v. Saul*, 2020 WL 1853749 ( .D. Tex. 2020) after applying the *Latiolais test,* the *Ramierz* court determined that the ALJ was biased. In so doing the ALJ

commented when questioning the claimant, " Well unless you're taking 40 pounds of medicine, you're, you're, you're not gaining weight unless you're actually taking something in. You Understand that, right?" Id.

In another exchange, regarding the claimant's complaints of pain, the ALJ stated, "Well if you lay in bed…20 hours every day, you, you're going to have body aches because…your body requires you to get up and move around. Responding to the claimant's description of blood pooling in her legs, the ALJ stated, "You know the normal mechanism for getting blood out of your legs; walking around?" Id.

As a result, the Court determined that the ALJ's bias was evident. The Court noted that reassignment was required because the ALJ assigned blame to the claimant for her condition and/or made argumentative comments about her abilities.

Likewise in *Christian v. Berryhill,*2017 WL 1134152 (S.D. Texas 2017)*,* the Court after reviewing the record noted an exchange between the ALJ and the plaintiff where the ALJ questioned the claimant as to whether she realized she was obese and the effects of being so after having stated her height and weight on the record. Id. The Court found the exchange troubling. Id. The Court found that in viewing the exchange in the most charitable light, the initial question about plaintiff's weight loss may have been relevant to assessing her pain symptom.

However, when the ALJ realized he was mistaken he admonished the claimant to lose some weight and his comment was deemed gratuitous and insensitive to her condition. Id. In deciding that reassignment was appropriate, the court stated that disability benefits hearing is not the place for an ALJ (who is in a position of authority) to reproach a claimant (who is not) about a condition on which the latter's disability claim is based. The Court further noted that the

ALJ's comments were corrosive to the appearance of justice, not least because of the tremendous impact that a denial of benefits is likely to have on the claimant's livelihood.

After reviewing the transcript of this proceeding, the Court finds that there is no evidence of bias on the part of the ALJ towards Martinez or his attorney. R. doc. 13.   In the beginning of the proceeding the record indicates that Martinez who is Honduran and speaks Spanish had a little difficulty in identifying his medical diagnosis. Id.   The interpreter explained the problem to the judge, the judge elicited the help of the claimant's attorney after advising that if Martinez was not able to do so that he would forfeit any opportunity to recovery anything. Id., Thereafter, Martinez testified that he has HIV and penile cancer, nerve pain in his legs, and back. Id. P. 41-43.   The proceeding continued without incident as to Martinez.

Later in the hearing, there appeared to be a point where the ALJ and the claimant's attorney had a communication challenge regarding whether information he included in a hypothetical was based on evidence in the record. The line of questioning was regarding Martinez's need to be off task for more than 25 percent of the day. Id. at. P. 48.   While the attorney said that it was in the record,  he later conceded the medical opinion was not in the administrative record because he sought to get Dr. Steel to opine on the physical RFC.   After clarifying the misunderstanding, the ALJ provided claimant's counsel with additional time to supplement the record. Id. at. P. 48-49.

Counsel also contends that the ALJ is biased because he has not had any success with claims before with ALJ Fraiser and that the ALJ's rate of approving claims is only 42.3%. R. doc. 25.  Counsel refers the court to the online data for ALJ 's showing the number of opinions written, granted, denied, and partial favorable decisions.

The online data alone however is not proof of bias because it only shows conclusions but there is no way to assess the proof presented to substantiate any of the claims decided by the ALJ during the period through December 29, 2023.[1]  At best counsel is suggesting a general bias not one specific as to his claimant.  Also, the fact that that counsel for Martinez's has not had success before ALJ Fraiser alone is not evidence of bias.  The Court finds that there is not evidence of bias shown on the record by ALJ Fraiser and the online data does not constitute any proof of bias. The Court therefore declines the request to issue an order reassigning the matter to a different ALJ.

## IV.   Recommendation

For the reasons assigned herein, it is **RECOMMENDED** that the **Motion to Reverse and Remand (R. Doc. 24)** filed by the Defendant, Martin O'Malley, Commissioner of Social Security Administration be **GRANTED**.

**IT IS FURTHER ORDERED** that Martinez's request to reassign the matter to a different ALJ rather than ALJ Fraiser is **DENIED** for the reasons assigned above.

**IT IS FURTHER RECOMMENDED** that the ALJ's decision denying Martinez' Disability Insurance Benefits be **REVERSED AND REMANDED** for further development of the administrative record pursuant to 42 U.S.C. Section 405(g).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences

---

[1] https://www.ssa.gov/appeals/DataSets/03_ALJ_Disposition_Data.html

will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 16th day of February 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**