UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FAUSTO MARTINEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO:    23-01852** |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **SECTION: "J" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Fausto Martinez's ("Martinez") **EAJA Motion for Award of Attorney Fees (R. Doc. 27)** pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"). The matter has been referred to the undersigned Magistrate Judge to determine the appropriate amount and to submit Proposed Findings and Recommendations pursuant to Title 28 U.S.C. § 636(b)(1)(B).[1]

### I.     Background

On June 2, 2023, Martinez filed a complaint against the Defendant, the Commissioner of the Social Security Administration ("the Commissioner"). R. Doc. 1 at 1. Martinez alleged that the Commissioner improperly denied his application for Disability Insurance Benefits and Supplemental Security Income. *Id*.

The undersigned magistrate judge issued a Report and Recommendation on February 16, 2024, recommending that the Commissioner's decision be reversed and remanded. R. Doc. 26. The Report and Recommendation was adopted. R. Doc. 29 at 1. The Court accordingly remanded the matter for further development of the administrative record pursuant to 42 U.S.C. § 405(g). *Id*.

On May 15, 2024, Martinez filed a motion for attorney's fees pursuant to EAJA. R. Doc. 27. Therein, Martinez requested $21,017.98 for 94 hours of attorney work and $3,731.25 for 49.75

---

[1] *See* R. Doc. 30, Order of Reference (Barbier, C.).

hours of law student work for a combined total of $24,749.23. R. Doc. 27-1 at 1-2. The Commissioner filed a response in opposition. R. Doc 28. The Commissioner contends that Martinez is not yet a prevailing party and is thus not entitled to EAJA fees at this time. *Id.* at 1.

## II.  Scope of Recoverable EAJA Fees

Under the EAJA, a prevailing party is entitled to attorney's fees in any civil action brought by or against the United States unless the court finds that the United States was "substantially justified or that special circumstances make an award unjust[.]" *See* 28 U.S.C. § 2412 (d)(1)(A). Section 2412 (d) serves two purposes: "to ensure adequate representation for those who need it and to minimize the costs of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988) (emphasis added). Both goals need to be considered when evaluating the Plaintiff's motion.

In this case, the parties dispute whether Martinez is a prevailing party because there has not been a judgment entered in his favor. A party prevails by succeeding on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). A party seeking an award of fees in an action against the Agency must file a petition for fees "within thirty days of final judgment in the action." *Hensley*, 461 U.S. at 433. A final judgment is defined as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G).

A Sentence 4 remand terminates the civil action seeking judicial review of the Agency's judgment and becomes "final" under 28 U.S.C. § 2412(d)(2)(G) once the time for appeal has run. *Shalala v. Schaefer*, 509 U.S. 292, 299–300 (1993). Accordingly, a Sentence 4 remand is considered a final judgment. 28 U.S.C. § 2412(d)(2)(G). A court may issue a remand order under Sentence 4 of § 205(g) of the Social Security Act, (a.k.a. a sentence 4 remand) if the court decides,

with or without comments from either the claimant or the SSA, that additional development and/or the evaluation of evidence is needed to decide the case. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).

### III.   Analysis

#### A.  Timeliness of the Subject Motion

At the time the subject Motion was filed, no judgment had been entered in Martinez's favor. Instead, the Report and Recommendation issued by the undersigned on February 16, 2024, was adopted by the district judge on August 26, 2024. *See* R. Doc. 29. Consistent with the Report and Recommendation, the district judge reversed and remanded the matter for further development of the administrative record. *Id.* However, Martinez filed the subject Motion on May 15, 2024, four months before the issue was ripe for review. *See* R. Doc. 27. Therefore, at the time Martinez filed the subject Motion, he was not a prevailing party.

However, since that time Martinez has become a prevailing party pursuant to Sentence 4 of § 205(g) of the Social Security Act since the sentence 4 remand order in this matter has become final. Therefore, while the Commissioner is technically correct, requiring a resubmission of the same fee application would do nothing more than result in the additional fees along with resubmission of the same documents for the Court's consideration. Therefore, the Court will proceed with reviewing the fee application.

#### B. The Fee Application

##### *1. Reasonable Hourly Rate*

First, the Court must determine a reasonable hourly rate to award. Under Title 28 U.S.C. § 2412(d)(2)(A), reasonable attorney's fees are "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess

of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

The Fifth Circuit has applied the "lodestar" method for determining the reasonableness of attorneys' fees, which utilizes measures like the attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant community for similar legal services. *Brown v. Sullivan*, 917 F.2d 189, 190 (5th Cir. 1990). Under this approach, "the number of attorney hours expended on litigation multiplied by a reasonable hourly rate" is what is known as "lodestar". *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). However, the claimant must carry the burden of proof for showing that the requested rate is in line with the prevailing market rate. *See Blum v. Stenson,* 468 U.S. 886, 895 n. 11 (1984). Additionally, the product of the lodestar calculation can be adjusted based on the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

The EAJA provides that other adjustments can be made to the attorneys' fees. 28 U.S.C. § 2412(d)(2)(A)(ii). However, any requested rates higher than the statutory cap of $125 must be justified by an increase in the cost of living or a special factor, "such as the limited availability of qualified attorneys for the proceedings involved[.]" *Id.* Furthermore, while the EAJA allows for adjustment of the hourly rate, it does not require it. *Baker*, 839 F.2d at 1084. Instead, the EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006).

In this case, Martinez contends that he is entitled to attorneys' fees in the amount of $24,749.23, based on an hourly rate of $232.85 for 2023 work and $241.18 for 2024 work by attorneys Todd Hebert and Jesse Lind. R. Doc. 27-1 at 3-4. Martinez alleges that these rates

4

represent the cost-of-living adjustments allowed by the EAJA. *Id.* Martinez also seeks the award of attorney's fees for law student work by Bonnie Rees at a rate of $75.00. *Id.*

The Commissioner objects to Martinez's requested hourly rates because neither the annual nor the semi-annual average CPI figures are yet available in 2024. R. Doc. 28 at 3. As a result, the Commissioner requests that that the hourly rate for attorney work performed in both 2023 and 2024 should be properly calculated by using the 2023 annual CPI figure of $233.94. *Id.*

"When a given locale has experienced a significant change in the cost of living, the court may increase the hourly rate beyond the nominal statutory cap." *Baker*, 839 F.2d at 1084. However, the Fifth Circuit has rejected the argument that increases in the EAJA statutory cap must precisely track increases in the cost of living. *Id.*

Thus, the Fifth Circuit has characterized figures adjusted for cost of living as the maximum, since "Congress intended to provide attorneys at most with an hourly rate in present-day dollars commensurate with seventy-five dollars in 1981." *Baker*, 839 F.2d at 1084. *See also Washington v. Barnhart*, 93 F. App'x 630, 631 (5th Cir. 2004) (per curiam) ("[E]xcept in unusual circumstances, if there has been a significant increase in the cost of living that would justify an increase in the fee, the increase should be granted even though the ultimate award need not track the cost-of-living index"). The Fifth Circuit has also held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir.1992). Therefore, EAJA fees must be adjusted yearly. To do otherwise "in effect award [s] interest for the ... delay in payment" and "is a prohibited award of interest against the United States." *Perales*, 950 F.2d at 1076–77.

In this case, Martinez contends that he used the hourly attorney rate calculation for 2023 and 2024 using the CPI for U.S. City Average: $125.00 (Baseline Hourly rate) x 290.038 (National

CPI-U (Southern Region)) average for January 2023) / 155.70 (National Baseline CPI-U for March 1996) = $232.85.  R. Doc. 27-1 at 4.

The Commissioner does not contest the use of the CPI, except to suggest that the Court should use the annual CPI figure for 2023 since the figures for 2024 have not been released.  R. Doc. 28 at 3.  Therefore, the Commissioner contends that the proper rate is $233.94.  *Id.*

As an initial matter, the Court finds that Martinez's calculation is incorrect since the National CPI-U average for the Southern Region for January 2023 is 290.438, not 290.038.  *See* R. Doc. 27-2 at 1.  Furthermore, the Court finds that the appropriate calculation for determining the reasonable rate under the EAJA is the percent change in the annual average multiplied by the baseline rate.  *See Woods v. Kijakazi,* No. 20-3423, 2022 WL 3336446, at *2-3 (E.D. La. May 18, 2022) (Roby, M.J.) (calculating the reasonable rate under the EAJA in New Orleans as: the percent difference between the annual average CPI-U for a South City Size Class B/C[2] for the given year and 1996[3], multiplied by the baseline hourly rate of $125.00).

Given that the work in this matter occurred between 2023 and 2024, the Court finds that the reasonable rate should be determined by the annual average CPI-U for a South City Size Class B/C for 2023, as the annual average for 2024 has not been determined.  Therefore, the Court finds that the proper calculation is: $(187.155 / 100)^4$ x $125.00 = $233.94375.  Accordingly, the Court finds that the rate of $233.94 is the reasonable rate for the billing attorney, adjusted by the CPI-U.  Therefore, the reasonable rate for work performed by Todd Hebert in this matter is $233.94.

---

[2] A City Size Class B/C refers to a population of 2.5 million or less.
[3] 1996 was the year that the current baseline cost-of-living rate was set. *See Nkenglefac v. Garland*, 64 F.4th 251, 254 (5th Cir. 2023). *See also* 28 U.S.C. § 2412(d)(2)(A)(ii).
[4] According to the U.S. Bureau of Labor Statistics, the Annual Average CPI-U for a South City Size Class B/C in 2023 was 187.155. *Consumer Price Index Overview Table – Southeast*, U.S. Bureau of Labor Statistics, https://www.bls.gov/regions/southeast/data/xg-tables/ro4xg01.htm

Regarding the work performed by the other billing attorneys, Martinez failed to present any evidence of the adequacy of the hours charged by Jesse Lind, who billed 65.2 hours, or Lily McHaley, who billed 5 hours. The applications as to Lind and McHaley are therefore inadequate and should be denied.

Martinez also seeks an hourly rate of $75 for the law student work performed by Bonnie Rees. R. Doc. 27-1 at 4. The Commissioner does not challenge the reasonableness of Rees's hourly rate. R. Doc. 28 at 2-3. The Court therefore finds that a paralegal rate of $75 is reasonable.

### 2. Hours Reasonably Spent on Litigation

Martinez seeks to recover for 94 hours of work on the subject case, for a total award of $24,749.23. R. Doc. 27-1 at 4. He contends that these hours and fee amount are reasonable. *Id.*

However, the Commissioner contends that the request for 94 hours of attorney time is excessive and that the time records are inadequate to show that the time spent on the requested hours are reasonable. R. Doc. 28 at 3-5.

The fee applicant bears the burden of supporting the reasonableness of all time expenditures. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Moreover, district courts have considerable discretion in this area because of its familiarity with the case and the attorneys. *See Associated Builder & Contractors, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990).

The record shows that Todd Hebert billed 37.75 hours, Jesse Lind billed 65.25 hours, Lily McHaley billed 5 hours, and Bonnie Rees billed 55.3 hours. However, the billing time records submitted to the Court indicate that there were four people billing on the file and that the total hours charged to the file equals 163.3 hours. Martinez does not indicate which hours were voluntarily excluded as billing judgment. Additionally, while Martinez seeks recovery for 94

7

hours, the time sheets for Hebert and Reese actually total 93.05 hours. Having reviewed the total and individual hours billed, the Court finds that the hours billed by Lind and McHaley are not reasonable and therefore should be excluded. Having determined that 93.05 hours were billed, the Court will now proceed with reviewing the time entries of Hebert and Rees to determine their reasonableness.

It is well settled that supporting documentation for attorney's fees must be of sufficient detail and probative value to enable the court to "determine with a high degree of certainty" that the billing is reasonable. *Miss. State Chapter Operation Push v. Mabus*, 788 F.Supp. 1406, 1416 (N.D. Miss. Mar. 4, 1992) (Davidson, G.); *see League of United Latin American Citizens No. 4552 v. Roscoe ISD*, 119 F.3d 1228, 1233 (5th Cir. 1997) (noting that litigants "take their chances" when submitting vague fee applications). Descriptions such as "legal issues," "conference re: all aspects," and "call re: status" are vague descriptions. *In re Donovan*, 877 F.2d 982, 995 (D.C. Cir. 1989); *Lalla v. City of New Orleans*, 161 F.Supp.2d 686, 706 (E.D. La. Apr. 4, 2001). In reviewing attorney's fees applications, the court may also reduce or eliminate hours if the documentation of those hours is "vague or incomplete," and must consider whether proper billing judgment was exercised. *Lalla*, 161 F.Supp.2d at 706.

A review of the time sheets indicates that many of the entries by Hebert and Rees are vague. Hebert's vague entries total 13.25[5] and Rees' vague entries total 20.9[6]. In fact, these entries are so vague that it impossible to determine what the subject of the work was and how it relates to the SSA claim. Therefore, they should be disallowed.

### 3. Lodestar Calculation

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount:

| Atty/Paralegal | Total Hours Billed | Hours Deducted | Billing Rate | Reasonable Fees |
|---|---|---|---|---|
| Bonnie Reese | 55.3 | 20.9 | $ 75.00 | $ 2,580.00 |
| Todd Hebert | 37.75 | 13.25 | $ 233.94 | $ 5,731.53 |
|  |  |  |  | $ 8,311.53 |

### 4. Adjusting the Lodestar

---

[5] Messages with Bonnie 10/06/2023 0.25; Meeting with Jesse 10/09/2023 0.25; Review and reply to messages from Bonnie 09/18/2023 0.25: Review email from Bonnie 10/02/2023 0.25; Review email from Bonnie 10/16/2023 0.25; Meeting with Jesse and Ranie 04/28/2023 0.75; Meeting with Jesse 10/19/2023 0.25; Messages with Jesse 10/20/2023 0.25; Further messages with Jesse 10/20/2023 0.25; Prepare an email to Jesse 10/20/2023 0.25; Review email from the court 10/20/2023 0.25; Review and reply to email from Jesse. 10/24/2023 0.25; Review email from Jesse 09/11/2023 0.25; Emails with Jesse 10/26/2023 0.25; Prepare an email to Jesse 10/26/2023 0.25; Prepare an email to Jesse 10/30/20230.25; Prepare an email to Jesse and Bonnie 09/08/2023 0.25; Messages with Bonnie 10/02/2023 0.25; Messages with Jesse 09/07/2023 0.25; Calls to the Judge's Office 11/01/2023 0.25; Prepare an email to Jesse 11/01/20230.25; Review email from Hannah 07/06/2023 0.25; Review email from the court 11/01/2023 0.25; Review email and research from Jesse 09/06/2023 0.25; Meeting with Jesse 09/06/2023 0.25; Messages with Bonnie 09/29/2023 0.25; Messages with Jesse 05/25/2023 0.25; Messages with Jesse 08/22/2023 0.25; Prepare an email to Jesse 08/17/2023 0.25; Meeting with Jesse and Hannah 06/02/2023 0.25; Review email from the court 06/07/2023 0.25; Meeting with Jesse 02/29/2024 0.25; Messages with Jesse 12/27/2023 0.25; Additional messages to Jesse 12/27/2023 0.25; Prepare an email to Jesse 12/28/2023 0.25; Review email from the court 06/09/2023 0.25; Messages with Jesse 09/22/2023 0.25; Messages with Hannah 07/05/2023 0.25; Meeting with Jesse 07/26/202 0.25; Messages with Jesse 01/16/2024 0.25; Call with Jesse 01/16/2024 0.25; Review research from Jesse 01/16/2024 0.25; Prepare an email to Jesse 06/15/2023 0.25; Meeting with Jesse 06/15/2023 0.25; Meeting with Jesse 01/18/2024 0.25; Messages with Jesse 01/30/2024 0.25; Messages with Hannah 07/12/2023 0.25; Review email from the court 01/30/2024 0.25; Review the court record 10/04/2023 0.25; Messages with Jesse 10/04/2023 0.25; Prepare an email to the Defense Attorney 10/05/2023 0.25.

[6] Working on brief 10/05/2023 4; called outreach 10/06/2023 0.5; research/writing 10/06/2023 4; prep uncontested facts 09/18/2023 0.5; review memo 09/18/2023 2; call NOLA SSA 10/13/2023 0.15;confer with Jesse 09/15/2023 0.5; meeting with client 09/15/2023 0.75; called client 09/15/2023 0.5; call client 09/14/2023 0.25; called client 09/22/2023 0.25; message Jesse 09/22/2023 0.25; msg from Jesse 09/22/2023 0.25; meeting with client/Jesse 09/01/2023 4; call client 08/31/2023 0.25; meeting about case 08/28/2023 0.25; Discuss File with Counsel 12/04/2023 0.5; call opposing council 10/04/2023 0.5; meet with Jesse 10/04/2023 1; researched judge info 09/19/2023 0.5.

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in Johnson, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. 10-386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (Hill, M.J.) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any Johnson factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

IV.   **Recommendation**

Accordingly,

**IT IS RECOMMENDED** that the Plaintiff's **Motion for Attorneys' Fees (Rec. Doc. 27)** be **GRANTED,** and that the Plaintiff be awarded reasonable attorney's fees in the amount of **$8,311.53**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within **fourteen (14)** days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will

result from a failure to object. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

                              New Orleans, Louisiana, this 12th day of November 2024.

                              **KAREN WELLS ROBY**
                              **UNITED STATES MAGISTRATE JUDGE**